CRAIN, Judge.
In Rozell v. Louisiana Animal Breeders Cooperative, Inc., 434 So.2d 404 (La.1983), the Louisiana Supreme Court held that the owners of a domestic animal (a bull) are strictly liable for damages inflicted by it regardless of custody. Subsequently, in Rozell v. Louisiana Animal Breeders Cooperative, Inc., 486 So.2d 968 (La.App. 1st Cir.1986), we affirmed a trial court decision denying plaintiff recovery because of contributory negligence, holding that plaintiff assumed the risk of injury. We held that this conduct constituted victim fault, thus barring plaintiff from recovery. The supreme court reversed, holding that victim fault does not bar recovery under strict liability unless it is a substantial cause of the injury. The supreme court specifically found that Rozell did not cause the bull to attack him; consequently, his conduct was not a substantial cause of his injury. The case was remanded to us for proceedings consistent with the opinion. Rozell v. Louisiana Animal Breeders Cooperative, Inc., 496 So.2d 275 (La.1986). In view of the supreme court decisions, the only issue left for our determination is quantum.
Dr. David Allen Depp, thoracic and cardiovascular surgeon and Rozell’s treating physician, testified that Rozell’s injuries consisted of blunt chest and shoulder trauma with displaced fracture of the lower sternum and pulmonary contusion. Rozell was initially hospitalized for several days and discharged on pain medication. He returned to work shortly thereafter. The *497 fracture did not heal adequately; therefore, on May 5 or 6, 1980, surgery under general anesthesia was performed in which the bottom portion of the sternum and the xiphoid process were excised. Plaintiff subsequently returned to work in July, 1980.
Following his return to work plaintiff received a step increase from the position of Farmer II to Farmer III at LSU. He resigned from his position in February, 1981. This suit was filed on March 13, 1981. He visited Dr. Depp on March 26, 1981, and complained that he suffered chest pains upon lifting 100 pound sacks of grain. Dr. Depp recommended that plaintiff lift sacks of grain no heavier than 50 pounds. According to the medical testimony, plaintiffs only possible remaining source of pain is the surgical incision. Dr. Depp testified that he could foresee no present or future physical condition related to the injury which could cause future problems for plaintiff.
Upon resignation from his position at LSU plaintiff was employed full-time as a security guard at Wells Fargo Security Services. He is presently employed as a criminal deputy sheriff for the West Baton Rouge Parish Sheriffs Office. His income at the time of trial was greater than that earned while employed at LSU.
After reviewing the record we find that an award of $40,000 is appropriate for the general damages sustained by plaintiff. We also award plaintiff the amount of $2,578.24 for medical expenses and the amount of $2,020 for lost earnings. We find that an award for loss of future income would be purely speculative and unsupported by the evidence.
There is a third party demand for indemnity by ABC against LABC but our review of the record reveals no contractual or factual basis for granting indemnity. Therefore, the third party demand is dismissed.
DECREE
The judgment of the trial court is reversed and judgment rendered in favor of plaintiff against defendants jointly and in solido. Plaintiff is awarded $40,000 in general damages, $2,578.24 for medical expenses and $2,020 for lost wages with legal interest from date of judicial demand. The third party demand of ABC is dismissed. Intervenor, Continental Insurance Company, the workmen’s compensation insurer, is granted recovery in the amount stipulated at trial. Costs of this appeal are assessed against defendants.
REVERSED AND RENDERED.